UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DIXON,<br>    Plaintiff,<br>v.<br>DIRECTOR, OFFICE OF THE DISTRICT ATTORNEY, et al.,<br>    Defendants. | Case No. 22-cv-01315-HSG<br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate housed at Coalinga State Hospital, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated by the unnamed director of the Santa Clara District Attorney's Office, Santa Clara County district attorney Dolores A. Carr, Santa Clara County supervising deputy district attorney Dana Overstreet, and Santa Clara County deputy district attorney Vonda Tracey. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Petitioner has paid the filing fee. Dkt. No. 6.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint will be dismissed because it fails to state a cognizable federal constitutional claim.

The complaint alleges that Defendants have violated the Fourteenth Amendment because they have engaged in malicious abuse of legal process and engaged in fraud.

The complaint describes the malicious abuse of process as follows.  In or about 1993, Plaintiff entered into a plea bargain before Judge Cunningham, and agreed to a "21 year sentence, with ½ time and 3 years parole." Dkt. No. 1 at 8.  Defendant Overstreet tried to use a "Material Misrepresentation Report" to get Judge Cunningham to put a parole hold on Plaintiff's "contract of record release date" even though the Sexually Violent Predators Act, Cal. Welf. & Inst. § 6600 *et seq.* was passed two years after Plaintiff entered into his plea bargain and there is no language in the SVPA that allows a district attorney "to discharge or dissolve a negotiable Instrument of Record." Dkt. No. 1 at 8.  The complaint argues that impossibility does not discharge a contract; that Plaintiff's "notice and condition of parole" was breached by default by the District Attorney's Office due to a seven page parole plan instrument signed by CCI counselor Shriver; and that both

2

1   "contracts of record" were breached by an August 20, 2007 report that constituted an "out-of-

2   court, Inadmissible Hearsay report" because Plaintiff was misidentified as a white male when he is

3   an African American male. Dkt. No. 1 at 8-9.

4           The complaint describes the fraud as follows. Plaintiff was misidentified as a white male

5   in an August 20, 2007 report; this report failed to disclose anything about Plaintiff's plea

6   agreement; the annual reports prepared pursuant to Section 6604.9[1] show plagiarism in that they

7   are copies of the prior years' reports and incorporate the false August 20, 2007 report; and the

8   annual reports incorrectly state that Plaintiff was convicted by plea on October 4, 1993 and agreed

9   to a 21-year sentence. Dkt. No. 1 at 9-12.[2]

10          Plaintiff requests $10 million dollars in judgment against Defendants, as well as punitive

11  damages. Dkt. No. 1 at 13.

12          Plaintiff has failed to state a constitutional violation. Malicious abuse of process and fraud

13  are both state law claims. Breach of contract is also a state law claim. In addition, Plaintiff has

14  only alleged misconduct by defendant Overstreet but not alleged misconduct by the other named

15  defendants. Regardless, Plaintiff cannot maintain a Section 1983 claim against the named

16  defendants. Defendants are state prosecuting attorneys and have absolute immunity from liability

17  under 42 U.S.C. § 1983 for their conduct in "pursuing a criminal prosecution" insofar as they act

18  within their roles as advocates for the State and their actions are "intimately associated with the

19  judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

20  Defendants are absolutely immune from any claims arising out of how they conducted the 1983

21  criminal proceeding pursuant to which Plaintiff is incarcerated. The Court DISMISSES this

22  action with prejudice. Plaintiff has failed to state a cognizable federal constitutional claim because

---

[1] Cal. Welf. & Inst. Code § 6604.9 requires that persons found to be sexually violent predators and committed to the custody of the State Department of State Hospitals have a yearly examination of his or her mental condition. The examination should assess whether the committed person currently meets the definition of a sexually violent predator and whether conditional release to a less restrictive alternative is in the best interest of the person. Cal. Welf. & Inst. Code § 6604.9.

[2] The Northern District of California may not be the proper venue for Plaintiff's claims regarding the Section 6604.9 reports. These reports were likely prepared by staff at Coalinga State Hospital where Plaintiff is currently housed. Coalinga lies within the venue of the Eastern District of California. *See* 28 U.S.C. § 1391.

the named defendants are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED with prejudice. The Clerk shall enter judgment in favor of Defendants and against Plaintiff, and close the case.

**IT IS SO ORDERED.**

Dated: 3/21/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge